UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

LUCIANO MERCADO,

             Defendant.

CR. NO. 2:09-381 WBS

MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

----oo0oo----

Before the court is defendant Luciano Mercado's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 155.) For the reasons explained below, defendant does not qualify for a sentence reduction, and the court must therefore deny the motion.

I. Background

Defendant and his brother and co-defendant, Sergio Mercado, each pleaded guilty without a plea agreement to Count One and Count Two of an Indictment that charged each of them with

1

1  (1) conspiracy to distribute over 500 grams of methamphetamine in

2  violation of 21 U.S.C. §§ 846 and 841(a)(1), and (2) possession

3  with intent to distribute over 500 grams of methamphetamine in

4  violation of 21 U.S.C. § 841(a)(1).  (Docket Nos. 1, 106, 110.)

5  Judge Garcia, the then-sentencing judge, held a sentencing

6  hearing on May 6, 2011.  (Docket No. 101 ("Hearing").)

7       Under the 2010 Sentencing Guidelines ("U.S.S.G.")

8  Manual that was in effect at the time, the court sentenced Sergio

9  Mercado at the low end of his assessed guideline range of 135 to

10  168 months and imposed a term of 135 months imprisonment.

11  (Hearing at 6-9.)  With regard to defendant, the court assessed a

12  guideline range of 235 to 293 months based on defendant's

13  managerial role in the conspiracy.  (Hearing at 11-14.)

14       The court then considered the 18 U.S.C. § 3553 factors,

15  particularly § 3553(a)(6), which instructs the court to consider

16  "the need to avoid unwarranted sentence disparities among

17  defendants with similar records who have been found guilty of

18  similar conduct."  Observing that defendant and his brother had

19  similar criminal backgrounds and were convicted of essentially

20  the same offenses, Judge Garcia thus varied down defendant's

21  sentence to 168 months, the high end of the guideline range

22  applicable to Sergio Mercado.

23       In 2014, the U.S. Sentencing Commission issued

24  Amendment 782 to the Guidelines Manual, reducing guidelines

25  ranges for certain drug offenses by two offense levels.  The

26  Commission further determined that Amendment 782 should have

27  retroactive effect for those currently serving terms of

28  imprisonment.  See U.S.S.G. App. C, Amend. 788 at 87.  The

1  undersigned subsequently granted Sergio Mercado's stipulated

2  motion to reduce his sentence to 108 months based on his amended

3  guideline range of 108 to 135 months pursuant to Amendment 782.

4  (Docket No. 157.)[1]

5         The current version of U.S.S.G. § 1B1.10(b)(2)(A)

6  provides that the court may not reduce a defendant's term of

7  imprisonment to a term that is less than the minimum of the

8  amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A) (2015).

9  Here, defendant's original guideline range was 235 to 293 months

10 and his amended guideline range under Amendment 782 is 188 to 235

11 months.  However, because defendant was sentenced to a term 168

12 months, which is below the low end of his amended guideline

13 range, § 1B1.10(b)(2)(A) bars defendant's eligibility for a

14 sentence reduction under § 3582(c)(2).

15        Defendant contends that the current version of

16 § 1B1.10(b)(2)(A) violates the Ex Post Facto Clause of the United

17 States Constitution because the version that was in effect when

18 defendant committed his criminal acts gave the court discretion

19 to reduce his sentence below the low end of an amended guideline

20 range pursuant to a Sentencing Guidelines amendment.  The

21 Indictment here was based on defendant's criminal conduct taking

22 place in July 2009.  Defendant thus requests that the court apply

23 the 2009 version of § 1B1.10(b)(2)(A) in effect at that time and

24 reduce his sentence to 135 months, the high end of the amended

25 guideline range applicable to Sergio Mercado, which defendant

26 _____

27        [1]   Although Sergio Mercado would ordinarily be subject to
   a 10-year mandatory minimum sentence pursuant to 21 U.S.C.

28 § 841(b)(1)(A)(viii), Judge Garcia found that Sergio met the
   safety valve criteria under U.S.S.G. § 5C1.2.  (Hearing at 7.)

1   states is comparable to the sentence originally imposed.

2   II. <u>Discussion</u>

3          In considering a motion to reduce a sentence pursuant

4   to 18 U.S.C. § 3582(c)(2), the court must conduct a two-step

5   inquiry.  <u>Dillon v. United States</u>, 560 U.S. 817, 826-27 (2010).

6   "A court must first determine that a reduction is consistent with

7   § 1B1.10 before it may consider whether the authorized reduction

8   is warranted, either in whole or in part, according to the

9   factors set forth in § 3553(a)."  <u>Id.</u> at 826.  Defendant here

10  concedes that reducing his sentence under Amendment 782 would be

11  inconsistent with the applicable policy statement in the current

12  version of § 1B1.10.  This policy statement prohibits a district

13  court from reducing a defendant's sentence under § 3582(c)(2) to

14  a term that is less than the minimum of an amended guideline

15  range.  <u>See</u> U.S.S.G. § 1B1.10(b)(2)(A) (2015)[2]; <u>United States v.</u>

16  <u>Davis</u>, 739 F.3d 1222 (9th Cir. 2014) (affirming the district

17  court's holding that § 1B1.10(b) precluded a sentence reduction

18  under § 3582(c)(2) because the defendant had already received a

19  sentence below the minimum of the amended guidelines range).

20         The current version of the policy statement was

21  originally promulgated in Amendment 759 on June 30, 2011--after

22  defendant was sentenced--and became effective on November 1,

23  2011.  <u>See</u> U.S.S.G. app. C, amend. 759 (2011).  Earlier versions

24  of the policy statement, including the 2009 version, did not

25  contain the current prohibition.  <u>See</u> U.S.S.G. § 1B1.10(b)(2)(A)

26  _____

27         [2]     Section 1B1.10 carves out an exception to this
    prohibition for defendants who provide "substantial assistance to
    authorities," U.S.S.G. § 1B1.10(b)(2)(B), but this exception does
28  not apply to defendant.

4

cmt. n. 3 (2009) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate.").

A. Ex Post Facto Clause

The Ninth Circuit has created a two-step test to determine if there has been a violation of the Ex Post Facto Clause: (1) retroactive application of a criminal law that (2) disadvantages the defendant. United States v. Johns, 5 F.3d 1267, 1270 (9th Cir. 1993). For a Sentencing Guidelines amendment to violate the Ex Post Facto Clause, the amendment must present a "sufficient risk of increasing the measure of punishment attached to the covered crimes." United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam) (citations omitted).

In Waters, the Ninth Circuit held that a district court's application of the post-Amendment 759 version of § 1B1.10 did not violate the Ex Post Facto Clause even though its application made the defendant ineligible for a sentence reduction under § 3582(c)(2). Id. at 681 (citation omitted). The Ninth Circuit held that "so long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, there is no ex post facto problem." Id. (citation and alterations omitted).

Like defendant here, Waters had received a generous downward departure at his initial sentencing and later moved to

5

reduce his sentence under § 3582(c)(2).  Id. at 680.  Similar to

defendant here, Waters argued that the court should have applied

the version of § 1B1.10 as it existed at the time of his offense

on the basis that Amendment 759 violated the Ex Post Facto Clause

by restricting the district court's discretion to lower a

defendant's sentence below the amended Guidelines.  Id.  The

Ninth Circuit rejected this argument, holding that applying the

post-Amendment 759 version of § 1B1.10 may have prevented Waters

from benefitting from the recent amendments reducing the drug

offense penalties, but "because application of the amendments

would not increase the punishment for his crime over what was

imposed when he was sentenced, there is no ex post facto

problem."  Id. at 681.

        Defendant here advances essentially the same argument

as in Waters, but argues that Waters "fail[ed] to apply the

correct standard for ex post facto violations, which has long

recognized that the loss of opportunity for release and risk of

prolonged imprisonment can form the basis for such a violation."

(Def.'s Mot. at 15-16.)  This argument is unavailing, as the

Supreme Court and Ninth Circuit have noted: "[T]he focus of the

ex post facto inquiry is not on whether a legislative change

produces some ambiguous sort of 'disadvantage,' nor . . . on

whether an amendment affects a prisoner's opportunity to take

advantage of provisions for early release."  Moor v. Palmer, 603

F.3d 658, 663 (9th Cir. 2010) (citing Cal. Dep't of Corr. v.

Morales, 514 U.S. 499, 506 n.3 (1995)).[3]

_____

        [3]  Defendant cites readily distinguishable cases in
support of his argument.  E.g., Weaver v. Graham, 450 U.S. 24,
25-27 (1981) (analyzing state law amendment altering availability

As defendant acknowledges himself, Waters is "[t]he single Ninth Circuit case on point." (Def.'s Mot. at 15-16.) But defendant's contention that Waters failed to apply the correct ex post facto standard lacks merit. "A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue." Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001). "Binding authority must be followed unless and until overruled by a body competent to do so. . . . Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." Id. at 1170-71.

Defendant's contention that the current version of § 1B1.10(b)(2)(A) violates the Ex Post Facto Clause because it effectively prolongs the term of his imprisonment by denying the opportunity for early release is also unavailing. There has been no such prolonging here: defendant retains the benefit of his original variance that resulted in a 168-month sentence. As in Waters, the current version of § 1B1.10(b)(2)(A) thus does not represent an increase in punishment, as required for an Ex Post Facto Clause violation. See 771 F.3d at 681.

B. No Reduction Under the 2009 Guidelines Manual

Both the 2009 and 2015 Guidelines Manuals require a court to use the Manual in effect on the date that a defendant is sentenced, unless doing so would violate the Ex Post Facto

of credits for good behavior); Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995) (analyzing a retroactive Guidelines amendment that increased the defendant's base offense level); Flemming v. Oregon Bd. of Parole, 998 F.2d 721 (9th Cir. 1993) (analyzing amendment to state parole regulation).

7

1  Clause--in which case the court is to use the Manual in effect on
2  the date that the offense of conviction was committed.  <u>See</u>
3  U.S.S.G. § 1B1.11 (2009 & 2015).  The commentary to § 1B1.11
4  provides that "if an earlier edition of the Guidelines Manual is
5  used, it is to be used in its entirety, except that subsequent
6  clarifying amendments are to be considered."  <u>Id.</u> cmt. n. 1 (2009
7  & 2015).  The court "may consider a subsequent amendment of the
8  Sentencing Guidelines only if that amendment is a clarification
9  of existing law rather than a substantive change in the law."
10 <u>United States v. Christensen</u>, 598 F.3d 1201, 1204 (9th Cir. 2010)
11 (citation and alterations omitted).  Defendant here acknowledges
12 that the current version of § 1B1.10(b)(2)(A) "alters the
13 substantive formula used to calculate [defendant's] potential
14 sentence under 18 U.S.C. § 3582."  (Def.'s Mot. at 11.)

15        Thus, if the court were to use the 2009 Manual, it
16 would be precluded from considering Amendment 782 and defendant
17 would have no grounds upon which to base this motion.  <u>See</u> <u>United</u>
18 <u>States v. Warren</u>, 980 F.2d 1300, 1304-06 (9th Cir. 1992) (holding
19 that courts may not apply one guideline section from one edition
20 of the Guidelines Manual and another guideline section from a
21 different edition of the Guidelines Manual; courts must determine
22 sentences under one set of Guidelines rather than applying the
23 Guidelines piecemeal); <u>United States v. Shino</u>, No. 1:03-CR-05453-
24 LJO, 2015 WL 1496968, at *3 (E.D. Cal. Mar. 31, 2015) ("The Court
25 cannot allow Defendant to have his cake and eat it too by picking
26 and choosing the pieces of the current Sentencing Guidelines that
27 he would like to apply to his sentence.").

28        Accordingly, the court is unable to grant defendant a

1   sentence modification pursuant to Amendment 782 consistent with

2   § 1B1.10.

3          IT IS THEREFORE ORDERED that defendant's motion for

4   reduction of sentence pursuant to § 3582(c)(2) be, and the same

5   hereby is, DENIED.

6   Dated:   December 31, 2015

7   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28